# IN THE COURT OF APPEALS OF IOWA

No. 19-1803
Filed February 5, 2020

**IN THE INTEREST OF J.S.,**
**Minor Child,**

**P.D., Mother,**
        Appellant.
_____


        Appeal from the Iowa District Court for Wapello County, William Owens,

Associate Juvenile Judge.


        A mother appeals the juvenile court decision terminating her parental rights.

**AFFIRMED.**


        Patricia J. Lipski, Washington, for appellant mother.

        Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant

Attorney General, for appellee State.

        Sarah L. Wenke of Wenke Law Office, Ottumwa, attorney and guardian ad

litem for minor child.


        Considered by Bower, C.J., Greer, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**DANILSON, Senior Judge.**

A mother appeals the juvenile court decision terminating her parental rights. We conclude the mother has failed to show the State did not make reasonable efforts to reunite her with the child, we agree with the court's decision to deny the mother's request for additional time, and we find the provisions in Iowa Code section 232.116(3) (2019) should not be applied to prevent termination of the mother's parental rights. We affirm the juvenile court's decision.

## I.     Background Facts & Proceedings

P.D., mother, and T.S., father, are the parents of J.S., born in 2018. The family came to the attention of the Iowa Department of Human Services (DHS) due to reports the parents were using methamphetamine while caring for the child and their relationship involved domestic violence. The child was removed from the parents' care on September 24, 2018 and was placed with relatives.[1]

The child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2018). The mother did not cooperate with services, and she told DHS to not contact her unless it was regarding a visit. She was hostile to service providers. The mother started three substance-abuse treatment programs but did not complete any of them.

On April 11, 2019, the mother was hospitalized for mental-health problems. She had a visit with the child that day and has not had any subsequent in-person visits with the child. Hospital policy prevented the mother from having visits with the child while she was receiving mental-health care. She did not have further

---

[1] The child was placed with the mother's half-sister and the half-sister's mother.

visits because she was incarcerated, committed, or her whereabouts were unknown.

On July 12, 2019, the juvenile court ordered the State to file a petition to terminate the parents' rights. A termination petition was filed on August 19. The termination hearing was held on October 4. The mother was in a mental-health institute but was ready to be discharged. She planned to go to a substance-abuse treatment program. The mother's case manager testified that although the mother was getting treatment for her mental health, her condition had not stabilized, and in fact had become worse since the beginning of the juvenile court proceedings. The mother asked for more time to work on reunification with the child.

The juvenile court terminated the mother's rights under section 232.116(1)(g) and (h) (2019).[2] The court found termination of the mother's rights was in the child's best interests. The court determined none of the provisions in section 232.116(3) should be applied to cause the court to decline termination. The court rejected the mother's request for additional time. The mother appeals.

## II.      Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

---

[2] The father's rights were also terminated. He has not appealed.

### III.      Reasonable Efforts

The mother does not challenge the statutory grounds for termination of her parental rights.  She claims the State did not engage in reasonable efforts to assist her in reunifying with the child.  She asserts the State should have done more to schedule visits.

"The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent."  *In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017); *accord* Iowa Code § 232.102(9).  "The reasonable efforts concept would broadly include a visitation arrangement designed to facilitate reunification while protecting the child from the harm responsible for the removal." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996).  "[W]hat constitutes reasonable services varies based upon the requirements of each individual case." *In re C.H.*, 652 N.W.2d 144, 147 (Iowa 2002).  "[DHS] has an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing."  *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005).

The mother asked social workers for more visits with the child.  Her caseworker testified:

> [The mother] was offered initially weekly visits.  And then we had a team meeting and [the mother] wanted twice a week visits.  So we made arrangements to accommodate her, but often times [the mother] would not confirm the visits, show up late for the visits, would want to leave the visit early, and just did not make herself available.

After the mother was hospitalized for mental-health problems, she was unable to have visits based on hospital policies, not based on failure by the State to provide her with visits.  The mother did not have any visits after April 11, 2019, because

she was incarcerated, committed, or her whereabouts were unknown. We conclude the mother has failed to show the State did not make reasonable efforts to reunite her with the child.

## IV. Extension of Time

The mother asked the juvenile court to give her an additional six months to work on reunification. She testified she planned to enter a substance-abuse treatment program when she was released from the mental-health institute. She requested additional time to show she was able to care for her child.

Under section 232.117(5), the juvenile court may order an extension of time under section 232.104 as an alternative to terminating parental rights. A six-month extension may be granted based on a "determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

The juvenile court found it could not reasonably determine the child could be safely returned home within six months. The court stated, "The parents have simply made no progress since [the child] was removed. [The mother] has continued to struggle with her mental health and with substance abuse issues and is currently hospitalized."

We agree with the juvenile court's conclusion. The mother did not show consistent stability in her mental health. The caseworker testified the mother had never been stable for more than a month. Also, the mother had not yet addressed her substance-abuse problems. We agree with the court's decision to deny the mother's request for additional time.

## V.      Best Interests

The mother claims the juvenile court should have decided to not terminate her parental rights based on the provisions in section 232.116(3).  She states a relative has legal custody of the child, section 232.116(3)(a); termination would be detrimental to the child due to the closeness of the parent-child relationship, section 232.116(3)(c); and she was absent from the child's life due to commitment in an institute or hospital, section 232.116(3)(e).

Under section 232.116(3), "[t]he court need not terminate the relationship between the parent and child" under certain circumstances.  "The factors weighing against termination in section 232.116(3) are permissive, not mandatory."  *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (quoting *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)).  "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship."  *D.S.*, 806 N.W.2d at 475.

The court considered the provisions in section 232.116(3) and determined it would be in the child's best interests to terminate the mother's rights.  The court noted the mother's "complete lack of progress since [the child's] removal."  The court found no evidence severing the parental bonds would be detrimental to the child.  The court also found the child should not be required to wait until the mother achieved stability in order to have a safe and permanent home.

On our de novo review, we find the provisions in section 232.116(3) should not prevent termination of the mother's parental rights.  The mother made very little

progress during the juvenile court proceedings.  The child should not be required to wait to have the security and stability the child needs.

We affirm the decision of the juvenile court.

**AFFIRMED.**